Case 1.2-16-0810, people of the state of Illinois, Plainton, Appalachia v. Todd Allgood, defendant appellant. Arguing on behalf of the defendant appellant, Mr. Bruce Kirkland. Arguing on behalf of the people of Plainton, Appalachia, Mr. Richard S. Loma. Mr. Kirkland. May it please the court and counsel. Good morning, your honors. Good morning. Todd Allgood was charged, tried, and convicted under a statute that did not exist. The statute creating the offense of aggravated kidnapping with a firearm is void ab initio, which means the statute is treated as if it never existed. Illinois law tells us that when a defendant is prosecuted under a statute that is void ab initio, any conviction resulting from that prosecution must be made. The time that Allgood was charged and convicted of aggravated kidnapping with a firearm, the statutory sentence requiring a 15-year add-on for that offense violated the proportionate penalties clause of the Illinois Constitution. Consistent with this court's holding in People v. Andrews, the corresponding statute creating the offense of aggravated kidnapping with a firearm is void ab initio because it cannot be severed from its matching unconstitutional sentencing provision. And we know from our Supreme Court's ruling in People v. Tellez in 1 CF, the defect caused by charging an offense based upon a statute that is void ab initio is, to use the Supreme Court's own word, fatal. Why shouldn't we not follow Houschild and remand the case for resentencing under the statute as it existed prior to the enactment of the add-on? Because the statute that existed prior to the add-on provided that if you committed the offense of kidnapping while armed with a Category 1 weapon, which a firearm was, that is a Class X felony. Correct? Correct. So why wouldn't we not follow Houschild and simply remand the case for sentencing under the Class X provision that existed prior to the amendment? That is the remedy with Houschild, right? Correct. And aren't we bound to follow that? Houschild is not incorrect, but it does not preclude the severability analysis. The court in Houschild did not consider the severability of the corresponding offense that was also newly created by Public Act 9144 of armed robbery with a firearm. I think it's important to recognize the framework, and we've got to – I was trying to – before you frame your response, I was trying to understand your argument that severability, the statute as it existed prior to the amendment, had no severability issues, correct? It did have. Prior to the amendment. Well, and that's what Houschild directs us to do, then. If there's no constitutional impediment with respect to aggravated kidnapping as it existed prior to the amendment, why would we not simply remand the case for sentencing under the provision that existed before the amendment? I mean, that's – to me, that looks pretty straightforward and simple. I think that Houschild was an incomplete analysis in the sense that the parties never asked the Supreme Court to consider the severability of the matching corresponding substantive offense that was created to match the unconstitutional 15-year add-on provision. Both statutes, the statute that existed before the amendment and was replaced by the law that was in place at the time the defendant committed his offense, both of them, the underlying offense is the offense of kidnapping, correct? He was charged with aggravated kidnapping with a firearm. I'm talking about the base offense. The base offense is kidnapping, correct? As much as a separate statutory provision, there's a separate offense of aggravated kidnapping where it was amended by 1912. It's not a lesser included? No, it is not, because it's a void ad initio, and you can't carve a new offense, a lesser included offense, out of the charge that doesn't exist. I think, if I can have just a moment to – No, go ahead. Here's what they did, the legislature did, and what was enacted effective January 1st of 2000 was 91-404, the 15-2025-to-life provisions, which this Court said in Andrews was purposes to punish more severely those offenses that involve the use of a firearm. The architecture of 91-404 was to create a new offense, in this case, aggravated kidnapping with a firearm, and to create a corresponding sentencing provision which said that substantive offense is a Class X felony with a 15-year add-on. They were both added at the same time to work in conjunction with each other. They're intertwined. They can't be separated out. And when you look at cases like Housechild, and later this Court in Gibson, which followed Housechild, those cases only look at the sentencing side of that equation. They don't look at the substantive offense side of the equation. Andrews is the case that said, not only do we look at what is the remedy for an unconstitutional sentencing provision, but we have to – before we get there, we have to take a look at the corresponding, co-joined, matching new substantive offense of aggravated kidnapping with a firearm in this case. And when you apply the Supreme Court's analysis of People v. Alexander to support that two-part test of severability, it's clear that the two provisions created by 91-404 cannot be severed. So, Housechild is correct if you're only looking at the sentencing side. And as I stated in my reply brief, the cases cited by Housechild, Lozano, and Gersh didn't involve cases in which there's any question about the liability of the underlying substantive offense. I don't know why counsel didn't ask in Housechild for the Supreme Court to conduct a severability analysis. For whatever reason, they didn't. Same thing with this court in Gibson, which was a kidnapping with a firearm offense. This court was presented with a binary choice. The court in that case, the trial court in that case, applied the 15-year add-on. The defendant argued take out the 15-year add-on. The state argued new sentencing hearing under Housechild. There was never any look at whether or not the underlying offense was valid. And had this court, had the lower courts, applied Alexander's severability test, they would have. Your argument is that we must just vacate the conviction entirely. No remand at all. That is correct, because only if you have a valid charging instrument that results in a valid conviction do you move to the sentencing side. You have to determine whether or not you have a valid conviction first. In this case, the answer is no, because as this court considered and found in Andrews, the 91404 new offenses cannot be severed from the corresponding 15, 20, 25 to life add-on provisions. Did the court ever add the unconstitutional enhancement on the kidnapping charge? The trial court did not. And if I recall correctly... Is that significant in any way? No, that should not change the outcome of this appeal. And the reason, I believe the history of what happened in the trial court was he was also convicted of having committed a criminal sexual assault with a firearm. Right. For which the 15-year add-on was added. But then that was remanded and he was resentenced on that. Yes. But the trial court, I believe, felt that there was one firearm used and there was only one add-on. Correct. In the case we have today, or in both cases here, that the aggravated kidnapping with a firearm never got the add-on. But you still have an unconstitutional sentencing provision. What you have is a substantive offense with an unconstitutional sentence. And that's when you have to look at the severability issue and determine whether or not the valid, whether or not the charging instrument, which alleged that he was kidnapping with a firearm, was valid at the time. And the answer to that is no, under Alexander and Andrews. At what point did the state nollifrost the kidnapping count? After Jeopardy! attached. After the jury was selected. Yes. And, you know, we talk about how did we end up in this where Al's trial has been accepted as the defining law of the remedy in these cases. It seems like a collective failure of the system to look at these severability issues. And folks come up in these situations where you have, like in Andrews itself, that was aggravated vehicular hijacking. The jury was instructed at the request of the defendant on vehicular hijacking. So there was a lesser included that was properly presented to the jury and found. And that condition was entered and that was remanded. It seems that once Housechild came out and said that remedy, that became what everybody locked into. But Housechild didn't do the severability analysis. And then once that came out, nobody else did either. Let's talk about how about the lesser included issue that you raised. What authority do you have for the proposition that we should not remand for resentencing on kidnapping or aggravated kidnapping because the state nollifrosted the kidnapping count? What's the authority for that? For us not following and implementing the lesser included offense doctrine, which we have done. So we've done it sua sponte. We've done it at the request of the parties. Sure. I think the answer to that lies in the Supreme Court's case to tell us Valencia, which says that a charging instrument that is based on charges would have an issue. And you can't have a prosecution based on a charge that doesn't exist. So you can't have a lesser included. And I know that the state cites a case of Colton and then there's a line of cases recently in Guerrero where this court will impose a lesser included. But there's no question about the viability of the underlying offense in those cases. Those cases generally involve predatory criminal sexual assault, which is a valid charge. Those involve defects in the proof of trial, a failure to prove penetration as opposed to sexual contact. And there is a lesser included available from the valid charging instrument. Here, where you have to tell us Valencia, telling us that it's a void admonition, as if it never existed, the entire charging instrument is defective and the flaw is fatal, you can't have a lesser included from a charge that is invalid and doesn't exist. Then why can't we go back to the charge prior to the enactment? There was a valid aggravated kidnapping prior to, what is it, 9-1-4-0-4? Yes. Before 9-1-4-0-4, there was aggravated kidnapping with a dangerous weapon, and that included a firearm. In 9-1-4-0-4, they broke that down into two separate offenses. Aggravated kidnapping with a dangerous weapon other than a firearm. Aggravated kidnapping with a firearm. Created whole new offenses. You can't tell us Valencia says you can't amend a defective charge on appeal to retroactively make the charge good. The defect is fatal, and it can't be amended at this stage of proceedings to enact a prior existing statute. This is a newly formed statute, or newly formed offense. Aggravated kidnapping with a firearm didn't exist. There's no dispute that your client, that Mr. Allgood, committed the offense of kidnapping while armed with a firearm, correct? Correct. That is undisputed? That was found by the jury and that's correct. So your argument is that no matter what, we can't, under the lesser-included defense doctrine, or under Hoffchild, this conviction must be vacated? That is correct, Your Honor. I think that if you follow the logical process of applying the severability doctrine of Alexander, you know, if you think of the 9144, you've got the new substantive offenses and the new sentences, and those are co-joined. And Hoffchild is correct in cases where there's no problem with the underlying offense, but when you have this 9144 situation where you have these two statutes designed by the legislature to work in tandem, you have to consider whether they can properly be severed. And the answer is no. Let's go consider that question. Andrews applied the Alexander test and said they're so intractably intertwined that they cannot be severed, and the new charging instrument is similarly unconstitutional in effect. If we avoid ab initio, no offense can be carved from that. There's no doubt that under Hoffchild that the offense, if we could just simply break it down, the offense, the conduct that the defendant was charged with, the elements of the offense that were set out in the charging instrument existed prior to the amendment, correct? There's no doubt, no question about that. Am I correct? In a different statutory form, yes. Am I correct? Yes. It did exist. How would the interest of justice be satisfied if we just simply said, oh, that's just too bad. That's a bad conviction. The state brought the charges properly, although they just didn't realize ultimately that charge would be found to be void ab initio. It's just too bad, right? The interests of justice are served by following our Supreme Court's precedence in analyzing these cases and applying the severability doctrine to laws that are enacted by the legislature, signed by the governor, and put on legislative books. That's the way the legislature chose to create this scheme under 91404. Why would we not apply Hoffchild to a severability challenge? In other words, the common sense dictates that the state, all it is is a number. The allegations in the indictment, the elements of the offense were proven beyond a reasonable doubt, correct? There's no indictment. There's no valid charge in the indictment. Do you understand what I'm saying? The charging document that went to the jury, the jury instructions, the findings that were made by the jury, no question about the accuracy of the jury's verdict, correct, with respect to the elements that they found. Am I correct? But my problem is how can the legislature, by doing this great deed, simply invalidate jury verdicts that were properly presented at the time? But they weren't properly presented at the time because there was no valid charge in this hearing in which to pursue the prosecution. I have one brief question, if I may, Justice Burkett. I know Mr. London is going to approach the issue of a forfeiture when you didn't raise these contentions that you're raising here today at the trial court or on your previous appeals. Why is it not a forfeiture? Avoid conviction can be challenging at any time, is the short and simple answer. You know, I tried to talk earlier about how the whole system seems to have drifted away from the severability and just locked into the sentencing side of this. And I've represented Mr. Logan before, and I didn't raise the issue at that time. I think that a lot of people haven't raised this issue when it's a valid and correct analysis, as this Court determined in Andrews. Forfeiture is a limitation on the parties, not on this Court. Avoid conviction can be raised in this case, can be raised later in the 214.01 petition. I would ask this Court to consider this issue in spite of the interpretation in earlier stages of these proceedings. Thank you, sir. Okay, thank you. We have time for a revolt. Thank you, Your Honor. Mr. London. Good morning, Your Honor. May it please the Court, counsel. Your Honor, in People v. Gibson, this Court chose to follow Husschild. I think it chose to follow Husschild because it was not only the correct decision, but to the extent that it differentiated from Andrews, I think this Court at least implicitly overruled Andrews. Well, you know we cannot overrule a decision of another panel of this Court. Again, that's why it's implicit as opposed to, yes, of course you didn't explicitly say. But let me go further, since we're going into the antecedents of Gibson and the concept of separability. And let's look at Teles Valencia, which despite the brilliant argument of the people at the time, and I say tongue-in-cheek because I made that argument, but the Court ultimately found that the conviction, not the sentence itself, was void. Why? Because in Teles Valencia, a new category was created. It wasn't ad crim sexual assault. It was predatory criminal sexual assault. And even though the argument had been made by the people that the elements were the same, the Courts, first this Court and then the Illinois Supreme Court, agreed that predatory criminal sexual assault was a completely new offense. In this line of cases, as confirmed or affirmed by Hostile, there's a difference when the only void or voidable aspect is the sentencing, not the conviction itself. So people argue here that the conviction is not void ab initio. The sentence is void ab initio. The other distinguishing factor, as Justice Shostak noted that I would probably argue, is that there is a forfeiture. There's a forfeiture because not only did defendant not raise this at the trial court level, thereby, unlike aggregators where it was raised at the trial court level, giving the judge an opportunity to make a correction, it was not raised initially as a direct appeal. More importantly, the facts of this case. So not only do we have the concept that Tellez Valencia did correctly lead to Andrews, or at least we believe Andrews incorrectly interpreted Tellez Valencia, but here we have a distinct difference that makes this case even more essential that Hostile be followed than this Court did in Gibson. And that is, in this case, despite the fact, and the people acknowledge, and again, as I've commented many times during oral arguments, if the State's Attorney's Office had contacted us, we might have given slightly different advice. But the fact is we agree. They never changed the charge. They didn't move at trial to change the charge. We acknowledge that. However. That they nollied the kidnapping. They nollied the kidnapping. But more importantly, without objection, the jury was not instructed on an A6 conviction, i.e., the new charge with a weapon. The jury was instructed without objection pursuant to the old statute. The jury was instructed under A5. And I cited the exact location in my brief, but the jury was instructed pursuant to the former A5 dangerous weapon. So to the extent that we're arguing lesser included or, again, it's a, for lack of a better term, it's almost a hybrid lesser included. Because obviously aggravated kidnapping is not necessarily a lesser included of aggravated kidnapping. Although you could argue that aggravated kidnapping firearm does have a lesser included aggravated kidnapping dangerous weapon. So that was what was presented to the jury. So in answer, Justice Burkett, to your question, did the jury not find the specific elements even more so than in the normal case? Because here it was instructed solely on dangerous weapon. It was not instructed on firearm. So the jury 100 percent, beyond a reasonable doubt, found the defendant guilty of kidnapping while armed with a dangerous weapon, i.e., aggravated kidnapping. The previous statute. Under the previous statute, correct. But counsel's argument is not just, it's not the jury's findings. It's the defect in the indictment, that it was an avoid indictment from the get-go. We would suggest that, the people would suggest, that Hochschild and Gibson has basically said that isn't the case. I mean, if we're talking about justice served and justice avoided, it would seem to me that the, it isn't logical not only to not follow the jury's verdict. But it would be, Hochschild could have. This Court in Gibson could have. The First District in Heron could have said both Gibson and Heron were the exact offense we're dealing with. So, and there was a... But were they dealing, were they dealing only with the sentencing versus the statute and the statute? The issue of severability wasn't raised, but the identical offense was raised. So, in Gibson and Heron, two separate courts, obviously a unified system, but two separate courts found that the only problem was an unconstitutional sentence. Not an unconstitutional or avoid conviction. And as I said, if you look at Andrews, we believe that that's incorrectly extended from Tellez Valencia. Tellez Valencia specifically said, new offense, not a new way of charging the same offense. And as I said, even though the people did not amend the indictment at trial, and if, again, if they had, you know, requested we would advise such. But they did correctly instruct the jury, again, without objection, on the old offense. And even more so in this case, again, unusual, but why I say it's almost a hybrid, lesser included, the judge specifically said, right or wrong, I am not going to sentence the defendant pursuant to the new charge. You had a jury make findings based on the old statute, even though the charge did not read A5. It was instructed in A5, not A6. So, even if this Court were to find that Andrews is what should be followed in general, in this particular case it shouldn't, but we would suggest that this Court in Gibson was correct, even though it wasn't raised. So, no harm, no foul, you're saying? To some extent, yeah, exactly. I mean, the whole concept, other than Andrews itself, every case since then has applied hostile. And as said, it is a problem with the charge, it's not a problem with the underlying offense. No other case has suggested that the convictions were void evidentio, except Andrews. And, again, I've suggested why that was wrongly decided based on an incorrect interpretation of Gillette's lines of law. In this case, the defendant had a history of sexual violence, correct? Correct. I think he had two prior. I don't recall the exact. And, again, in this case, there certainly was no dispute that the conduct that was defended is certainly guilty. And, again, the jury found him guilty beyond a reasonable doubt. I understand that Colton is not directly on point, that we cited, because, again, it isn't necessarily a lesser-included offense. But, as I've argued, I think it's the concept of a hybrid. Because the people would argue that aggravated kidnapping with a dangerous weapon is arguably a lesser-included offense of aggravated kidnapping with a firearm. And, indeed, unlike Telez Valencia, where the legislature created a completely new offense, the legislature here clearly intended solely not to create a new offense, but to create a sentencing enhancement, which was correctly determined to be violative of the proportionate penalty clause, but that should not eliminate the conviction and the offense that the defendant had perpetrated. Merely, it should be remanded for resentencing. Why should it be remanded as opposed to saying, well, the court determined 10 years? Because, similarly to what this court did in Gibson, the court said, well, wait a second. Would the trial judge have sentenced the other offense, in this case aggravated kidnapping, to only 10 years if they would have known that the offense for aggravated criminal sexual assault would have been changed because of the lack of add-on? So, yes, it probably should appropriately be remanded to the trial judge for that judge to determine what the appropriate sentence would be. So, by virtue of the instruction, essentially, and the finding of the jury, you personally, or the state, is not now concerned about counsel's severability argument because that really doesn't come to play here? I wouldn't be concerned, or the people wouldn't be concerned anyway, because of Hausschild and Gibson and Herron and a number of other cases. I specified Gibson and Herron because those were specifically aggravated kidnapping, and the two courts decided specifically on this actual offense. There are numerous other cases that relate to the other offenses that had their sentences enhanced based on the 15, 20, 25 years. So, I'm not saying specifically, I'm saying there's a two-stage. Initially, one, we would say, no, we're not concerned with the severability. It seems that justice doesn't, or wouldn't be appropriate to say, well, if defense counsel is smart enough to raise it. So, you can raise it at any time. Can Hausschild, can Gibson go back now and make those arguments? I mean, defendant on direct appeal didn't raise the severability issue. It was discovered later. And again, that's great, but do you have justice relates just specifically to what, you know, your appellate attorney could come up with? Or was Andrews at least partially, as I said, based on the fact that it was raised at trial and it was before the trial judge, it was before the appellate court from day one? Secondly, though, I would also say that the second level is that in this particular case, even if this court were inclined to say the only reason we came up with Gibson and the only reason why Hausschild was because no one raised the severability issue, in this particular instance, we have a distinct factual difference. And that is that the jury instructions without objection were different than in this particular case. But I think that either way, you can then go to my second alternative argument, which is lesser included offense. And even if that is a hybrid, aggravated kidnapping with a dangerous weapon, we would argue is a lesser included offense of aggravated kidnapping with a firearm. But as I said, in this case, we have that specific fact. Yes, we don't have a change in indictment at trial level, but we have, for all practical purposes, the equivalent done. It's not formal, but the fact that the jury was instructed and found under the old statute, yes, that should distinguish this case. And historically, when there are issues with a charging instrument, charges can't be amended at any time. Correct. Well, I mean, again, you can't. Tulles and Lencia says you can't raise new charges on appeal. Right. However, we're suggesting that, in essence, it was at least implicitly done at the trial court level. But Colton does state that a defendant can be charged, sorry, can be convicted on an uncharged crime if all the elements are met under a charging instrument approach. Here, again, it's even more so, and that's why I keep referring to a hybrid, because this isn't a circumstance where the people are now arguing that defendant was found guilty or we should amend it on appeal. What we're saying, defendant was found guilty of A-5 under the prior sentence, even though that wasn't the official charging instrument. But that's what the jury was instructed. That's what the jury found. And there was no objection. And there was no objection at any point in time. For these reasons, we would ask that this Court – I'm sorry, may I very briefly refer to the second issue? I don't know if counsel is going to raise it or not. That's okay. For these reasons, we ask that the Court affirm the conviction and remand for reset to stay on this issue. Thank you. Mr. Kerpen, rebuttal. He raises some very good issues, Mr. Kerpen. I'm kidding. I would ask you to address the issue with respect to the jury instruction that was given. The jury instruction that was given was not on the new void offense. The jury instructions that were given were on the previous offense with respect to armed with a dangerous weapon versus a firearm, without objection. But I think the State's argument, for instance, and counsel just came right out and said, the legislature didn't intend to create new offenses in 9144. That's flat and correct. They took aggravated kidnapping that had A5 with a dangerous weapon, which included a firearm, broke it down into two new offenses, dangerous weapon other than a firearm, and with a firearm. So to say that these are not new offenses is just flat and correct. But were they instructed on these new offenses? So they were instructed under the old statute, under the A5. That's not what he was charged with. And I keep coming back to the defendant. But there was no objection. There was no objection. But we have a defective charge history, and that doesn't save the underlying charge. The fact that the jury is instructed with something that we might interpret later to incorporate the offense here doesn't correct or doesn't resurrect a void ab initio statute that is the basis of the charging instrument. And there's no other lesser included. The State did not cross the lesser included. It's just beyond me to think how we can resurrect an old statute that's been superseded by the legislature. It's not been superseded, though, really. It was replaced by the 9144. But the same elements from the previous. No. I'm sorry. The same elements from the previous charges didn't win a portion of that, no? You have with a dangerous weapon other than a firearm and with a firearm. That breaks down the whole firearm. It's no longer just a dangerous weapon, which includes a firearm. He was charged with aggravated kidnapping with a firearm, which is an entirely new offense created by 91404 as part of the twin of the 15-year add-on. Let's talk about due process. The whole purpose of making sure that a defendant is properly charged is to notify the defendant, put the defendant on notice on what the State's allegations are, what the elements of the offense are, so the defendant can properly prepare his or her defense. Correct? Correct. So where's the due process violation here to your client where he's charged with the offense that existed at the time but, as it turns out, that charge was defective but he was put on notice and was tried and proven guilty beyond a reasonable doubt of the charge, the same main charge that existed prior to his trial. How were his due process rights impaired? How was he deprived of the ability to get a fair trial by a defective charging instrument in this case? How was he prejudiced by that defective charging instrument? Because the charging instrument was void at the time. That's it. I know. You've made that argument. But what's the other – what other problems are there with the way the case was tried? Everything that happened after the void ab initio charging instrument based on the void ab initio statutory section created by 91404, it's as if it never existed. You can't create these charges out of thin air, which is what you have to do. It's not out of thin air. It is, though, because there's no charging instrument, there's no valid charging instrument from which to proceed. You can't have a lesser included from a charge that doesn't exist. It's grabbing it out of the air. But once you've proceeded and not complained, as it were, that you didn't understand, you didn't know what you were charged with, you – once you've proceeded, you are generally foreclosed from going back if there are facts that gave you information and you went forward. Why should it be different here? Unless it's void ab initio. It is. I don't know what to say beyond that. I mean, we're – you know, we're talking about what is justice here. I mean, is it – is it – justice is the integrity of the system. Justice is requiring the legislature to pass laws in the proper form so that they can be fairly applied to everyone. Why is it that justice here requires us to find a way to correct a void ab initio statute? Why did it take so long to find this issue? I have no answer to that. You know, that's a – you know, I know the argument is in the law supports the argument that a void indictment can be raised at any time. But where you've got several opportunities to raise the issue, you don't see the issue. And there is no question the defendant got a fair trial, that he was proven guilty of all of the elements that existed prior – under the prior offense. It just seems logical that it'd be an aberration to say, oh, we're going to forget this. It's – like you said, it's like this was just a dream. It didn't really happen. You know, I mean, that's where I come back to the – you know, kind of a systemic breakdown. You know, once – once House Child was decided where separability was not argued, where the entire focus was on the sentencing side, and we were looking so closely at these trees and trying to reconcile Lewis and Walden and Sharp, and there's all these arguments about you can't even handle proportionate penalties comparison because of Lewis, where the – they said armed violence with a firearm doesn't even exist anymore. You know, there's all this confusion going on around these things, and the separability question did not get raised in House Child. So they decided House Child on the arguments that were presented to them. The court was not required to seek remedy for a defendant beyond what the defender requests, and they didn't do that in this case. So we missed that, or the parties in House Child missed the separability argument. They said, okay, the remedy for proportionate penalties violation is to remand for sentencing. That became the standard, but it skipped a step in House Child, and that doesn't mean today we should find some creative way to resurrect a void-charging district. All right. The court thanked both parties for the arguments today. Interesting case. The case will be taken under advisement. A written decision will be issued in due course.